## BUTLER v. BAKER. *

### No. 4165.

Court of Appeal of Louisiana. Second Circuit.

May 20, 1932.

George Wesley Smith and Tobin R. Hodge, both of Rayville, for appellant.

Snyder & Sevier, of Tallulah, for appellee.

### PALMER, J.

Plaintiff sues to recover $15,225, with interest at the legal rate from judicial demand, for personal injuries which she alleges she received in a collision between the automobiles of plaintiff and defendant.

She alleges that the car in which she was riding at the time of the collision was being driven by her husband, J. M. Butler, and that the other car was being driven by the defendant; that the cars were traveling in opposite directions on the public highway; and that the collision occurred when they met.

Plaintiff avers that the defendant's car had attached to the rear of it a two-wheel trailer, which was carrying thereon a boat; that the trailer was attached to the rear of said automobile by a single coupling pole, or attachment, which was loosely connected with the automobile, allowing a great deal of play or lateral motion, so that, when the automobile was running, the trailer bounced, weaved, and zigzagged across the road from side to side, instead of following in the tracks or directly behind the automobile to which it was attached.

Plaintiff further alleges that it was after dark at the time of the collision, and that defendant was traveling in a westerly direction, at a speed in excess of forty miles an hour, while she was traveling in an easterly direction, at a speed not exceeding thirty miles an hour; and that there was no light of any kind on the trailer or the boat loaded thereon. Plaintiff further avers that the car in which she was riding, in attempting to pass the car of defendant, was struck by the left hub or wheel of the trailer, which hit the left front wheel, fender, and bumper of her car, and that her car was thereby pulled around and deflected in its course and caused to run across the road into a ditch.

Plaintiff further alleges that the defendant was negligent and careless in the two following particulars, to wit: (1) In not having the said trailer attached to his automobile by two rigid connections, so as to prevent it from bouncing, weaving, swaying, and zigzagging from side to side; and (2) in not having a light upon the trailer.

Plaintiff further avers that the said two acts of negligence were the sole cause of the collision, resulting in the injuries for which she claims the damages sued for.

Plaintiff further alleges that, as a re-

sult of the said collision, "she was badly bruised, shocked and generally shaken up and injured and that she sustained a fracture of three ribs, as well as serious injuries to the spine, pelvis and coccyx"; that, as a result of said collision and injuries, she suffered and still suffers excruciating pain and agony; that she was at the time of filing this suit unable to sleep or rest comfortably, and is in a highly nervous condition; that she was obliged to receive medical treatment, being forced to go to a sanitarium and remain there for a considerable time; that she was obliged to wear bandages in order to effect a healing of the broken ribs; that the said broken ribs had not, at the time of the filing of this suit, entirely healed, and she affirms that they never will; that, as a result of her said injuries, she will be more or less an invalid for the remainder of her life and will always be a constant sufferer; that, before receiving said injuries, she was hale, hearty, and active, but that since the collision she has had to lead a more or less secluded life, being unable to perform her household duties. She itemizes her damages as follows: Pain and suffering, $7,500; permanent injuries, $7,500; doctor's bills, drug bills, and sanitarium bills, $225—making a total of $15,225.

Defendant admits the collision, but in effect avers that it occurred entirely through the fault and carelessness of the husband of plaintiff who was driving the car in which she was riding at the time. He further avers that the said trailer was attached to his car with the usual safety appliances; that it was kept in line when traveling, directly behind his car; that both front and rear lights were burning brightly on his car at the time of the collision, at which time he was driving at a reasonable rate of speed, not in excess of thirty-five miles per hour.

Defendant further alleges that, as his car and the car driven by plaintiff's husband were approaching each other, both cars were upon the proper side of the road, and that suddenly the driver of the car in which plaintiff was riding swerved from his course and struck defendant's trailer a violent blow with his car, causing defendant's trailer to upset; that the driver of the car in which plaintiff was riding was at the time under the influence of intoxicating liquor; that the collision was caused wholly and entirely "by the negligence, want of care, illegal fast driving and intoxicated condition of the said J. M. Butler, plaintiff's said husband"; that plaintiff, after the collision, was walking around the scene, talking and apparently unhurt, and was not complaining of any injury, and that in fact she was not injured and does not suffer from anything arising from or in connection with the said collision; but, he avers, if plaintiff was injured and is suffering on account thereof, that such is not due to any of his fault, but is due entirely to the fault of her said husband, J. M. Butler.

On these issues the case went to trial in the district court, resulting in a judgment for defendant, rejecting plaintiff's demands. From that judgment plaintiff prosecutes this appeal.

### Opinion.

This collision occurred on the Dixie-Overland highway after night in the parish of Madison, a few miles east of the town of Delhi. Plaintiff and her husband were the sole occupants of their car, and defendant and two guests were the sole occupants of his car. Both cars were properly equipped with headlights and with the usual and customary red rear, or tail, lights, which were properly burning. However, there was no red light on the rear of the trailer attached to the back end of defendant's car. After plaintiff and her husband had passed the automobile of defendant, there was a collision between plaintiff's car and the said trailer, resulting in damages to both, and also in some injuries to the plaintiff.

When the cars came to a standstill after the collision, the car of defendant had crossed to the opposite side of the road and landed in a ditch, while the trailer had been turned partially over and broken from the automobile to which it was attached. The car of defendant did not turn over, nor did it throw either of its occupants out when it ran into the ditch.

There are two charges of negligence, and only two, made against the defendant as a basis of this suit. It will be noted that plaintiff does not allege that defendant was guilty of any negligence in the length of the coupling pole that attached the trailer to the rear of defendant's car, but confines the charge of negligence to the character of coupling used, that is to say, the negligence in this regard is alleged to consist of the fact that the trailer was so attached that, in following the automobile, it zigzagged and would not keep in a straight line, and, in thus moving, it swerved to plaintiff's side of the road after the two cars had actually met and collided with plaintiff's car while it was yet upon its proper side of the highway.

The other ground of negligence charged is that the trailer did not have a light upon it. We shall take these two grounds of negligence and consider them in the order in which they are stated.

Neither plaintiff nor her husband was able to testify that the trailer in question performed, that is, "zigzagged," as they alleged. Plaintiff's husband says he did not see it until the car in which they were riding and the trailer actually collided.

"Q. Did the trailer bounce and zigzag on

the rough road? A. Yes, sir, I guess so, they all bounce.

"Q. Was that one bouncing and zigzagging? A. I did not see it until it had hit me. * * *"

"Q. There is an allegation in your petition to the effect that this trailer zigzagged and bounced across the road; I believe you have testified that you did not see it zigzag or bounce? A. I did not see the trailer until it struck me.

"Q. Then you did not see it zigzag or bounce? A. I did not see it."

C. E. Daughtry, a witness for plaintiff, claims he was following plaintiff's car a short distance behind at the time of the collision. He did not see it zigzag or bounce.

"Q. Did you see the automobile which had the trailer coupled on it before the accident? A. I seen the lights, yes, sir.

"Q. Could you tell whether or not the trailer was bouncing from one side to the other? A. No, sir."

Plaintiff says that she did not see what it was that collided with her car:

"A. We passed the car of Mr. Baker and something ran into ours.

"Q. Do you recollect what it was? A. No, sir, I could not see it. * * *

"Q. Do you recollect how the collision occurred or do you know? A. I do not recollect how it happened."

■ It will be seen from this testimony that plaintiff has not sustained the allegations that the trailer attached to defendant's car was "bouncing, weaving, swaying and zigzagging from side to side" at the time of the collision. Defendant and the two guests in the car with him at the time testified that the car being driven by plaintiff's husband, just before the two cars met, changed its course and came somewhat diagonally across the highway, contacting with the trailer as plaintiff's car continued its diagonal path.

The testimony preponderates in favor of the defendant's contention that the coupling used for attaching the trailer to the car was of a standard make and such that is customarily used in such instances; that it was sufficiently sturdy to prevent any zigzagging of consequence, as the trailer followed the automobile to which it was attached. Not only did plaintiff fail to establish that the trailer at the time of the collision was "bouncing, weaving, swaying and zigzagging from side to side," but, as we have already stated, the testimony preponderates in favor of the claim of defendant that plaintiff, just before the two cars actually met, turned in a somewhat diagonal direction across the highway and actually ran into the trailer, instead of the trailer zigzagging or bouncing and striking the car in which she was riding.

It is clear, therefore, that plaintiff has failed to establish this charge of negligence.

■■ On the other question of the negligence charged, that is, that there was no light on the trailer, there is no dispute about the fact that the trailer had no light on it, nor did it have the customary red light on the rear end of it. A red light on the rear end of the trailer would have met the requirements; however, unless the failure to have such a light on the rear end of the trailer had some causal connection with the collision, it will avail plaintiff nothing in this controversy. It is a matter of common knowledge that the red light is placed upon the rear end of a car, not for the benefit of an auto approaching from the opposite direction, but for the benefit of those who are traveling behind it in the same direction. If there had been a red light on the rear of this trailer, it could not possibly have served plaintiff to any advantage whatever. They could not have seen it until after they passed, for it is not a reflector, as is the case in headlights. As we have said, defendant was not required to have a light upon the trailer. It is true, he should have had a red light on the rear of it, but, since that negligence had no part in causing the collision, it is immaterial in this case.

We do not think the defendant established its charge of intoxication against the driver of the car in which plaintiff was riding. However, it does appear that he was, due to some cause, driving in a rather careless fashion at the time of the collision. It is testified by E. H. Carver, who formerly lived at Tallulah and served the Louisiana highway commission as district superintendent of maintenance, and who came upon the scene a few moments after the collision, that he examined the highway for some distance in the direction from which plaintiff's car came, and found that, for about one thousand feet before the two cars met, the tracks made by plaintiff's car were zigzagging as they came towards defendant's car. Carver's testimony also corroborates the evidence of defendant and his two guests that the tracks of plaintiff's car showed that it left the side of the highway on which it was traveling and crossed in a somewhat diagonal way to the other side at the point where the collision happened.

■ The district judge did not find that plaintiff discharged the burden of proof resting upon her in establishing her charge of negligence in this case, and we are not prepared to say that the evidence does not justify that finding. On the contrary, we are of the opinion that plaintiff failed to establish the negligence alleged.

Having reached these conclusions, it is unnecessary to discuss the question of whether or not she was injured, and, if so, to what extent.

The judgment of the lower court is therefore affirmed; plaintiff, appellant, to pay all costs of appeal.